UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Walter L., | Case No. 26-CV-607 (MJD/EMB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Pamela Bondi, Attorney General; Kristi Noem, Secretary, U.S. Department of Homeland Security; Department of Homeland Security; Todd M. Lyons, Acting Director of Immigration and Customs Enforcement; Immigration and Customs Enforcement; Daren K. Margolin, Director for Executive Office for Immigration Review; Executive Office for Immigration Review; David Easterwood, Acting Director, St. Paul Field Office, Immigration and Customs Enforcement, | |
| Respondents. | |

Before the Court is the Petitioner Walter L.'s[1] Verified Petition for Writ of Habeas Corpus (Dkt. No. 1). Respondents filed a response (Dkt. No. 5), and Walter L. filed a reply (Dkt. No. 6).

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

This case has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the following reasons, I recommend the Verified Petition for Writ of Habeas Corpus (Dkt. No. 1) be granted, and Respondents be ordered to release Walter L. immediately.

I.     **Background**

Petitioner Walter L. is a citizen of Ecuador. (Dkt. No. 1 ¶¶ 13, 27.) In or around 2013, Walter L. entered the United States without inspection. (*Id.* ¶ 28.) After arriving in the country, Walter L. filed a petition for U nonimmigrant status, which remains pending.[2] (*Id.* ¶ 30.) Prior to his detention, he was living in Anoka County, Minnesota. (*Id.* ¶ 13.)

Respondents took Walter L. into Immigration and Customs Enforcement ("ICE") custody on January 23, 2026, without a warrant. (*Id.* ¶ 32; *id.* at 24 ¶ 5.) Respondents have refused to provide Walter L. with a bond hearing, although he "has no criminal history that subjects him to

---

[2] "The U nonimmigrant status (U visa) is set aside for victims of certain crimes who have suffered mental or physical abuse and are helpful to law enforcement or government officials in the investigation or prosecution of criminal activity." *Victor F.M. v. Bondi*, 25-CV-4778 (ECT/SGE), 2026 WL 25968, at *1 (D. Minn. Jan. 5, 2026) (quoting *Victims of Criminal Activity: U Nonimmigrant Status*, U.S. Citizenship & Immigr. Servs. https://www.uscis.gov/humanitarian/victims-of-criminal-activity-u-nonimmigrant-status); *see also* 8 U.S.C. § 1101(a)(15)(U).

2

mandatory custody." (*Id.* ¶ 34.)  Walter L. remains in ICE custody "at an unknown facility in Minnesota." (*Id.* ¶¶ 14, 36.)

## II. Legal Standard

Under 28 U.S.C. § 2241, the Court may grant a writ of habeas corpus to any petitioner who demonstrates he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Rasul v. Bush*, 542 U.S. 466, 473 (2004)).  The right to challenge unlawful detention under § 2241 "extends to those persons challenging the lawfulness of immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001)).  "The habeas petitioner bears the burden of demonstrating by a preponderance of the evidence that their detention is unlawful." *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1143 (D. Minn. 2025).

## III. Analysis

Walter L. claims he is being unlawfully detained and asks the Court to either order a bond hearing or immediately release him. (*Id.* ¶¶ 65, 69.)

The Honorable Michael J. Davis ordered Respondents to show cause why Walter L.'s writ should not be granted in this case. (Dkt. No. 3 ¶ 1.)  He also ordered them to provide affidavits or exhibits "to establish the lawfulness and correct duration of [Walter L.']s detention," and to explain

3

"[w]hether the absence of a warrant preceding [Walter L.]'s arrest necessitates [his] immediate release." (*Id.* ¶ 2(a), (d).)

Respondents concede that Walter L.'s case largely "presents similar legal and factual issues to prior habeas petitions" that this Court has decided and which are currently on appeal in *Avila v. Bondi*, No. 25-3248 (8th Cir. Docketed Nov. 10, 2025). (Dkt. No. 5 at 3.) In that case, and many others in this district, the Court has decided that a noncitizen "who has lived in the United States for years but was never lawfully admitted to the country" is not an "an alien seeking admission" and is therefore not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *Avila v. Bondi*, CV 25-3741 (JRT/SGE), 2025 WL 2976539, at *5 (D. Minn. Oct. 21, 2025). Rather, 8 U.S.C. § 1226(a) governs in such situations, and it requires Respondents to provide a bond hearing prior to detaining a noncitizen. *See id.* at *7.

I need not provide a detailed analysis of the interplay between § 1225(b)(2) and § 1226(a) because Judge Davis has already ruled consistently with *Avila* in similar cases. *See Beltran v. Bondi*, No. 25-cv-4604-MJD-DTS, 2025 WL 3719856, at *3 (D. Minn. Dec. 23, 2025); *Awaale v. Noem*, No. 25-cv-4551-MJD-JFD, 2025 WL 3754012 (D. Minn. Dec. 29, 2025). I see no reason to stray from that reasoned analysis of the text, despite Respondents' proffer off additional cases adopting the minority viewpoint.

4

I recognize, however, that Respondents urge the Court to find that § 1225(b)(2) governs in this case because Walter L. "is 'seeking admission' through his pending U-visa application and was doing so at the time of his recent arrest." (Dkt. No. 5 at 7.)  But, again, judges in this district have already considered and rejected this argument as inconsistent with the statutory text.  *See, e.g., Emir S. v. Bondi*, Case No. 26-cv-00347-ADM/EMB (D. Minn. Jan. 24, 2026) (concluding similarly situated petitioner was not "seeking admission" under statutory definition—which references "entry" into the country—but was instead seeking "a lawful means of remaining in the United States"); *Victor F.M. v. Bondi*, 25-CV-4778 (ECT/SGE), 2026 WL 25968, at *2 (D. Minn. Jan. 5, 2026) (rejecting same argument and citing cases).

Walter L. has lived in this country for over a decade and applied for U nonimmigrant status after he arrived here.  Because he was "already present within the country" when he filed his application, "§ 1226 governs." *Mayamu K. v. Bondi*, 25-3035 (JWB/LIB), 2025 WL 3641819, at *8 (D. Minn. Oct. 20, 2025).  Respondents' reliance on *Chen v. Almodovar*, 1:25-CV-8350-MKV, 2025 WL 3484855, at *3 (S.D.N.Y. Dec. 4, 2025), an out-of-circuit district court case adopting the minority viewpoint, is unpersuasive.  Given this Court's prior rulings in materially factually and legally indistinguishable cases, I recommend that the Court grant Walter L.'s petition.

Further, I recommend Respondents be ordered to immediately release Walter L. Respondents believe that, even if the Court concludes Walter L. "is detained under § 1226(a) and not under § 1225(b)(2), [] the appropriate remedy is to order a custody redetermination hearing instead of immediate release." (Dkt. No. 5 at 8.) But an arrest warrant is a prerequisite to detention under § 1226(a). *Ahmed M. v. Bondi*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026). Walter L. alleges his arrest was warrantless and—despite Judge Davis's directive—Respondents did not provide an arrest warrant or address "whether the absence of a warrant preceding Petitioner's arrest necessitates Petitioner's immediate release." (Dkt. No. 4 ¶ 2(d).)

Respondents have therefore abdicated their opportunity to argue against immediate release. Given Respondents' concessions in this case, I recommend that Petitioner be immediately released. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) (noting that the "typical remedy [for unlawful executive detention] is, of course, release"); *see also Roseline K. N. v. Bondi*, No. 26-cv-540-KMM-SGE, 2026 WL 185069, at *2 (D. Minn. Jan. 25, 2026) (ordering immediate release when government "has not claimed to have a 'warrant issued by the Attorney General' supporting Petitioner's recent arrest, nor has the government produced one to the Court").

6

Finally, I draw the parties' attention to the atypically short deadlines for filing objections to this Report and Recommendation and responses to those objections, set forth in the "Notice" below.

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. Walter L.'s Verified Petition for Writ of Habeas Corpus (Dkt. No. 1) be GRANTED;

2. Respondents be ORDERED to immediately release Walter L.; and

3. Respondents be ORDERED to file a notice confirming such release within 24 hours of the entry of an order granting such relief.

Dated: January 29, 2026         *s/Elsa M. Bullard*
                                Elsa M. Bullard
                                United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1): "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy of the recommended disposition, *unless the court sets a different deadline*." Here, the Court provides a **3-day deadline for objections**, and a **2-day deadline for**

7

***responses to objections***.  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).

CASE 0:26-cv-00607-MJD-EMB   Doc. 8   Filed 01/29/26   Page 8 of 8